## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------X

STAR REEFERS POOL INC.,

                              Plaintiff,

                                                    CASE NO. _____

          -against-

A   Cargo   of   NINETY-SIX   (96)   REEFER          **VERIFIED COMPLAINT**
CONTAINERS, their equipment, appurtenances, etc.,
*in rem,* and KALISTAD LIMITED, JFC GROUP CO.
LTD., WHILM MANAGEMENT LIMITED and
BONANZA FRUIT CO. S.A. CORPBONANZA, *in
personam,*

                              Defendants.
-------------------------------------------------------------------X

          Plaintiff, Star Reefers Pool Inc. ("Star Reefers"), by its undersigned attorneys,

complaining of the defendants, a Cargo of Ninety-Six (96) Reefer Containers as described on

Schedule A attached hereto ("Cargo"), *in rem,* and Kalistad Limited ("Kalistad"), JFC Group Co.

Ltd. ("JFC Group"), Whilm Management Limited ("Whilm"), and Bonanza Fruit Co. S.A.

CORPBONANZA ("Bonanza"), *in personam,* alleges upon information and belief as follows:

### PARTIES

          1.     At all relevant times, plaintiff Star Reefers was and now is a corporation

duly organized and existing under the laws of a foreign country, with an office and principal

place of business at Ugland House, South Church Street, George Town, Grand Cayman KY1-

1104, Cayman Islands.

          2.     At all relevant times, Star Reefers owned and operated the M/V Avelona

Star, the M/V Almeda Star, the M/V Cape Town Star (collectively, "the Vessels") among

various ports of the world in the ocean carriage of goods by water for hire, including the port of New Bedford, Massachusetts and elsewhere in the United States.

   3.   At all relevant times, defendant Cargo was and now consists of a cargo of ninety-six (96) reefer containers as described in Schedule A attached hereto, which upon information and belief are owned, operated, leased or otherwise belong to defendants Kalistad, JFC Group and/or Whilm, and which are located within this district and the jurisdiction of this Honorable Court at Maritime Terminal, Inc., New Bedford, Massachusetts.

   4.   At all relevant times, defendant Kalistad was a foreign business entity with an office and place of business at Verenikis 2, Egkomi P.C. 2413, Nicosia, Cyprus, and/or at Maximos Plaza, Tower 3, Office 3101, Maximos Michaelides Street, 6, 3106, Limassol, Cyprus; was a wholly-owned subsidiary of JFC Group; was authorized to do business in the State of New York; and was a time charterer of the Vessels.

   5.   At all relevant times, defendant JFC Group was a foreign business entity with an office and place of business at Sofiyskaja Str. 60 Lit. D, 192241, St. Petersburg, Russia, and at 18A, Petrogradskaya embankment, City business-centre, 197046, St. Petersburg, Russia; and was a wholly-owned subsidiary of JFC Group Holding (BVI) Ltd.

   6.   At all relevant times, defendant Whilm was a foreign business entity with an office and place of business at Trident Chambers, P.O. Box 146, Road Town, British Virgin Islands; was a wholly-owned subsidiary of JFC Group; and was authorized to do business in the State of New York.

   7.   At all relevant times, defendant Bonanza was a foreign business entity with an office and place of business at Cdia. Kennedy Norte – Av. Francisco de Orellana, Guayaquil, Ecuador, and at 18A, Petrogradskaya embankment, City business-centre, 197046, St.

Petersburg, Russia; was a wholly-owned subsidiary of JFC Group; and was a shipper of the Cargo on the M/V Avelona Star ("the Vessel").

8.   By charter party dated April 4, 2008, on an amended Baltime 1939 form, Star Reefers, as owner, chartered the M/V Avelona Star and the M/V Almeda Star to Kalistad for a period of 36 months, plus or minus 30 days in charterer's option.

9.   By charter party dated July 15, 2008, on an amended Baltime 1939 form, Star Reefers, as owner, chartered the M/V Cape Town Star to Kalistad for a period of 36 months, plus or minus 30 days in charterer's option.

10.   At all relevant times, defendant JFC Group was a parent company of Kalistad and guaranteed "in every way" Kalistad's "due performance" of the above-described charters of the Vessels ("the Charters"), including but not limited to the payment of charter hire.

11.   At all relevant times, JFC was a parent company of defendants Whilm and Bonanza.

12.   At all relevant times, Kalistad and/or Whilm owned and/or leased the Cargo.

13.   At all relevant times, Whilm leased, sold or transferred its interest in all or part of the Cargo to Kalistad, upon information and belief.

## JURISDICTION AND VENUE

14.   This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract

for the charter of a vessel and for breach of contract or bailment for the ocean carriage of cargo from a foreign port to a port in the United States.

15.     This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the Cargo which is the subject of this action is located within this district.

### FIRST CAUSE OF ACTION:
### BREACH OF CHARTER – MARITIME LIEN

17.     Pursuant to the Charters, Star Reefers delivered the Vessels to Kalistad and JFC Group on or about November 29, 2008 and December 1, 2008.

18.     Kalistad operated the Vessels under the Charters and paid hire to Star Reefers during the period of the Charter until about July 2010.

19.     During this period, Kalistad, on its own and through Whilm and Bonanza, loaded reefer containers on board the Vessels for ocean carriage between Ecuador and various ports of the world, including the United States.

20.     On July 30, 2010, August 12, 2010, and August 27, 2010, Star Reefers issued its hire invoices to Kalistad for the M/V Avelona Star, each in the sum of $283,924.58, for a total sum of $851,773.74, but Kalistad failed to pay the invoices.

21.     On June 2, 2009, and August 27, 2010, Star Reefers issued its hire invoices to Kalistad for the M/V Almeda Star, each in the sum of $283,924.58, for a total sum of $567,849.16, but Kalistad failed to pay the invoices.

4

22.     On September 1, 2010, Star Reefers issued its hire invoice to Kalistad for the M/V Cape Town Star in the sum of $258,055.50, but Kalistad failed to pay the invoice. After credits were applied to the invoice, Kalistad owes the amount of $218,666.19.

23.     The above invoices remain unpaid, although payment has been duly demanded.

24.     Kalistad also wrongly deducted from hire payments for the M/V Avelona Star the sums of $10,805.66 and the amount of $767.85, for a total sum of $11,573.51, which remains due and owing.

25.     Kalistad also wrongly deducted from hire payments for the M/V Almeda Star the sums of $8,056.85 and the amount of $518.21, for a total sum of $8,575.06, which remains due and owing.

26.     On or about June 23-24, 2010, Kalistad, Whilm and Bonanza loaded the Cargo on the M/V Avelona Star ("the Vessel") at ports in Ecuador and carried the Cargo to the port of Evyap, Turkey under certain bills of lading; the Vessel arrived at that port and as instructed by Kalistad, Whilm and Bonanza, discharged the Cargo there on or about July 15-16, 2010.

27.     On July 21, 2010, Kalistad, through Bonanza, instructed the Vessel to return to the port of Evyap, to load the Cargo there, and to transport the Cargo to Ecuador.

28.     On July 29, 2010, at the direction of Kalistad and Bonanza, the Vessel called at the port of Tripoli, Libya, and the Vessel was arrested there. The Vessel remained under arrest at Libya until on or about October 20, 2010.

29.     On September 15, 2010, at 08:49 hours, while the Vessel remained under arrest at Libya, Kalistad sent an email to Star Reefers purporting to redeliver the Avelona Star to

5

Star Reefers and to terminate the Charters, effective that same day, even though the earliest

redelivery date under the Charters was approximately November 2011 and even though the

Charters provide in clause 7 ("Re-delivery") that "Charterers shall give the Owners not less than

ten days' approximate and 7, 3 and 1 day(s) definite notice at which port and on about which day

the Vessel will be re-delivered." Kalistad has failed to pay hire under the Charters since then,

and the unpaid charter hire due for the balance of the charter period after 15 September 2010 for

the Vessels, as nearly as can be determined, is estimated to exceed the sum of $13,000,000.

30.    Despite due request by Star Reefers, Kalistad, Whilm and Bonanza

wrongfully failed to remove the Cargo, to pay the charter hire due, or to cooperate in arranging

for proper and safe discharge of the Cargo at the port of Libya or the port of Agadir, Morocco,

where the Vessel planned to load her next cargo following the wrongful termination by Kalistad,

all in breach of their obligations under the charter and bailment.

31.    Consequently, Star Reefers was required to transport, handle, care for and

store the Cargo that defendants abandoned on the Vessel during transit to and calls at the ports of

Tripoli, Libya, Agadir, Morocco, and Casablanca, Morocco, and notified Kalistad, Whilm and

Bonanza by email on or about October 27, 2010, that they should arrange to remove and take

possession of the abandoned Cargo at the next port of discharge, New Bedford, Massachusetts,

and to pay the amount of hire, demurrage, storage, handling and other charges for the

transportation and handling of the Cargo that such defendants had wrongfully left on board the

Vessel.

32.    Star Reefers sent its invoice for such charges to Kalistad, Whilm and

Bonanza dated 11 November 2010 in the sum of $403,056, which sum included but was not

limited to, the discharge costs and the first month of storage (November 15, 2010 – December

6

15, 2010) at New Bedford. Despite due demand for payment, Kalistad, Whilm and Bonanza have failed to pay the invoice to date.

33.     On or about November 10-15, 2010, Star Reefers discharged the Cargo at the port of New Bedford, Massachusetts, to the custody of Maritime Terminal, Inc., 276 Macarthur Drive, New Bedford, Massachusetts 02740, acting on behalf of Star Reefers, to store and care for the Cargo pending payment of the invoices and hire to Star Reefers. To date, Star Reefers has incurred charges from Maritime Terminal, Inc. in the additional sum of $5,760 per month, or a total of $11,520 for December 15, 2010 - February 14, 2011, for storage and care of the Cargo.

34.     Additionally, Star Reefers incurred charges in the sum of $3,840 at the port of Agadir to shift and restow the Cargo to allow cargo operations on board the Vessel, and incurred costs at Turkey for transit fees of $45,535 and port costs at Tripoli of $38,450.

35.     The Charters provide in Clause 17 as follows: "The Owners shall have a lien upon all cargoes and sub-freights belonging to the Time-Charterers and any Bill of Lading freight for all claims under this Charter, and the Charterers shall have a lien on the Vessel for all moneys paid in advance and not earned."

36.     Star Reefers has a maritime lien against the Cargo for the losses caused by defendants' breach of the Charter, including but not limited to loss of hire, extra costs for holding, transporting, caring for, discharging and storing the Cargo, interest, costs and attorneys' fees.

37.     The Cargo constitutes upon information and belief goods and effects belonging to defendants which are subject to maritime arrest and/or attachment pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

38.     Upon information and belief Kalistad and Whilm had actual or constructive notice of the lien on the Cargo, the Charter lien provision, and the rights of Star Reefers under the Charters, prior to reloading of the containers at Evyap and prior to the Vessel's departure from Libya and from Agadir, Morocco on or about October 28, 2010, bound for New Bedford, Massachusetts.  Upon information and belief Whilm, its director and its agents, including but not limited to Bonanza, knew that Kalistad and JFC had breached the charter by failing to pay hire on or before the notice by Kalistad on September 15, 2010, while the M/V Avelona Star was under arrest at Libya.

39.     The Charters provide that all disputes between Star Reefers and Kalistad are to be resolved by arbitration in London in accordance with English law.  Upon information and belief plaintiff has commenced an arbitration proceeding against Kalistad and a court proceeding against JFC Group in London in respect to the claims for breach of the Charters and specifically reserves its right to arbitrate and litigate the substantive matters at issue herein in those London proceedings.  This action is brought to obtain security in favor of plaintiff for the losses alleged herein and for such additional amounts as will cover plaintiff's anticipated costs in the instant action, as well as interest, all of which are recoverable as part of plaintiff's claims under applicable law.

40.     All conditions precedent required of Plaintiff have been performed.

41.     Plaintiff brings this action on its own behalf and on behalf of all others who may be interested as their interests may ultimately appear.

42.     Under English law, including Section 63 of the English Arbitration Act of 1996 and the laws of the United Kingdom, recoverable costs including attorneys' fees, arbitrators' fees, disbursements and interest are recoverable.   Attorneys' fees, arbitrators'

8

fees, disbursements and interest are presently estimated to be approximately $300,000 for the three years which it is expected to take to obtain an arbitration award in favor of Star Reefers.

43.     There is now due and owing the sum of at least $2,160,839, plus interest, costs and attorneys' fees.

44.     Plaintiff has requested that defendants make payment of the outstanding amounts due and claimed in this complaint, but defendants have failed and refused to make payment as required.

45.     By reason of the premises, plaintiff (and those on whose behalf this suit is brought) have sustained damages in the sum of approximately $2,160,839, plus interest, costs and attorneys' fees, as nearly as the same can now be estimated, no part of which has been paid, although payment thereof has been duly demanded.  Plaintiff has a maritime lien against the Cargo described herein, in storage at Maritime Terminal, Inc., 276 Macarthur Drive, New Bedford, Massachusetts 02740, and files this complaint to enforce the lien pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Plaintiff reserves its rights to increase this amount should its losses and damages ultimately be in excess thereof.

## SECOND CAUSE OF ACTION:
## BREACH OF CHARTER – RULE B ATTACHMENT

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 herein with the same force and effect as if set forth at length.

47.     Upon information and belief, and after investigation, defendant Kalistad cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but plaintiff is informed that Kalistad has assets within this District comprising, *inter alia*, the Cargo belonging to or for the benefit of Kalistad

in storage at Maritime Terminal, Inc., 276 Macarthur Drive, New Bedford, Massachusetts 02740, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

48.     The total amount sought by plaintiff to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by plaintiff against Kalistad includes:

a.  Unpaid hire in the amount of $1,658,438;

b.  Transport, discharge, storage and related costs for Turkey to New Bedford, Massachusetts carriage in the amount of $502,401;

c.  Interest on the above sum at the rate of 6% per annum for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable in arbitration, estimated to be $388,951;

d.  Estimated costs, including legal fees, of London arbitration, which are recoverable, in the amount of $300,000;

For a total claim of at least $2,849,790, as nearly as can presently be determined.

### THIRD CAUSE OF ACTION:
### BREACH OF CONTRACT OR BAILMENT

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 herein with the same force and effect as if set forth at length.

50.     Defendants have failed to compensate plaintiff for the hire or freight pursuant to the contract of carriage and/or bailment for the carriage and storage of the Cargo left

on board the Avelona Star after September 15, 2010, and plaintiff has suffered damages by such non-payment, although payment has been duly demanded.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.    That judgment in the sum of $2,160,839 be entered in favor of plaintiff and against defendants, together with interest, costs and attorneys' fees;

b.    That process in due form of law according to the practice of this Court may issue against Defendants, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $2,160,839, plus interest, costs and attorneys' fees;

c.    That the Cargo described herein at Maritime Terminal, Inc., 276 Macarthur Drive, New Bedford, Massachusetts 02740, be arrested pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and that said Cargo be condemned and sold to satisfy the judgment herein;

d.    That, if Defendants cannot be found within this District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendants up to and including the claim of $2,160,839 be restrained and attached, including, but not limited to the Cargo being held for the benefit of Defendants in its own name and/or any other garnishee(s) which may subsequently be identified and upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served; and

e.   That Plaintiff have such other, further and different relief as this Court

may deem just and proper in the premises.

Dated: Boston, Massachusetts
       January 25, 2011

Respectfully submitted,

Plaintiff STAR REEFERS POOL INC., by its
attorneys,

Joseph A. Regan (BBO #543504)
**REGAN & KIELY LLP**
88  Black  Falcon  Avenue,  Suite  330
Boston, MA  02210
(617) 723-0901
(617) 723-0977 (fax)

## Schedule A

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

INWARD
CARGO DECLARATION

19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.36, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99

CBP Form 1302 (04/05)

From Approved OMB No. 1651-0001

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. |
|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8816163 | 1008 | Page 1 of 8 |

| 5. Name of Master | 6. Last Foreign Port before U.S. | 7. Port of Discharge | 8. Date of Departure from Port of Loading |
|---|---|---|---|
| | CASABLANCA | NEW BEDFORD, MA | |

| | 10. Shipper (SH) Consignee (CO) Notify address (NF) | 11. Bill of Lading No. | 12. Marks & Nos. plus Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages Description of Goods Hazardous Materials (Mark P/p on UN Code) | 14. Gross Wt. (in lbs. or kg) | 15. Measurement (per HTS) | 16. First Port Where Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|---|
| SH: STAR REEFERS UK LTD | | | | Answer Col. 14 OR Col. 15 | | | | |
| 30, CHARLES STREET LONDON, NW1 4AE UK | SREE 10058VYN500 1 | 3CEU9676533 NM NN | 40' EMPTY REEFER CONTAINER | 439,552 KG | | EVVAP | CONSTANTINOPLE | |
| CO:   STAR REEFERS UK LTD | | | 3CEU7715099 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| C/O NORTHERN STAR SHIPPING 118 PHENIX AVENUE CRANSTON, RI 02920 TEL-401-944-4070 | | | 3CEU7721432 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | 3CEU7869120 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9019043 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9027624 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9045296 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9048550 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9071247 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9088328 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | | GESU9090853 NM NN | 40' EMPTY REEFER CONTAINER 1 CNTRS | | | | |

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

| 1. Name of Vessel AVELONA STAR | | 2. Nationality of Ship BAHAMAS | | 3. IMO No. 8816163 | 4. Voyage No. 1008 | Page No. Page 2 of 8 | U.S. DEPARTMENT OF HOMELAND SECURITY Bureau of Customs and Border Protection INWARD CARGO DECLARATION 19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.38, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99 | | |
|---|---|---|---|---|---|---|---|---|---|
| 5. Name of Master | | 7. Port of Discharge NEW BEDFORD, MA | 8. Date of Departure Port of Loading | | 6. Time of Departure from Port of Loading | | | From Approval OMB No. 1651-0001 | |
| | | | | | | | | CBP Form 1302 (05/05) | |
| 10. Shipper (SH) Consignee (CN) Notify address (NF) | 8. Last Foreign Port Before U.S. CASABLANCA | 11. Bill of Lading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages; Description of Goods Hazardous Materials (Mat'l Private List Code) | | 14. Gross Wt. (lb. or kg) | 15. Measurement (per HTS) | 16. First Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
| | | | GESU9091177 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9110024 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9110111 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9110765 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9127140 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9145057 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9146500 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9148584 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9156653 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9187783 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9215269 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9225701 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9257289 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |
| | | | GESU9276880 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | | |

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

**INWARD**
**CARGO DECLARATION**

19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.38, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99

Form Approved OMB No. 1651-0001
CBP Form 1302 (07/03)

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. |
|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8916168 | 1008 | Page 3 of 8 |

| 5. Name of Master | 6. Last Foreign Port Before U.S. | 7. Port of Discharge | 8. Date of Departure from Port of Loading | 9. Time of Departure from Port of Loading (Z dd) |
|---|---|---|---|---|
| | CASABLANCA | NEW BEDFORD, MA | | |

| 10. Shipper (SN) Consignee (CO) Notify address (NF) | 11. Bill of Lading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages Description of Goods Hazardous Materials (Said Pris/da UN Code) | 14. Gross Wt. (lb. or kg) | 15. Measurement (per HTR) | 16. First Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|
| | | GESU9277090 NM NN | 40 EMPTY REEFER CONTAINER 1 CNTRS | | | | |
| | | GESU9277264 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU3813084 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9313232 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9381480 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9382059 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU8990305 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9390518 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9391066 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9391359 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9391723 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9391750 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9391786 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |
| | | GESU9392870 NM NN | 1 CNTRS 40 EMPTY REEFER CONTAINER | | | | |

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

**U.S. DEPARTMENT OF HOMELAND SECURITY**
Bureau of Customs and Border Protection

**INWARD CARGO DECLARATION**

19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.36, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99

CBP Form 1302 (07/03)

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. |
|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8816168 | 1008 | Page 4 of 6 |

| 5. Name of Master | 6. Last Foreign Port Before U.S. | 7. Port of Discharge | 8. Date of Departure from Port of Loading | 9. Time of Departure from Port of Loading (24 h) |
|---|---|---|---|---|
| | CASABLANCA | NEW BEDFORD, MA | | |

| 10. Shipper (SH) Consignee (CO) Notify address (NP) | 11. Bill of Lading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & kind of Packages; Description of Goods; Hazardous Materials (Mark*) Provide UN Code) | 14. Gross Wt. (lb. or kg) | 15. Measurement (per HTS) | 16. First Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|
| | | GESU3393005 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | Answer Col. 14 OR Col. 15 (Gross Wt. (lb. or kg) | | | |
| | | GESU3393011 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3363454 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3393781 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3398751 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3970117 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3970070 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3397393 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3397465 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3398121 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3398536 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3398559 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3388646 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | GESU3398836 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |

# U.S. DEPARTMENT OF HOMELAND SECURITY
## Bureau of Customs and Border Protection
## INWARD CARGO DECLARATION

19 CFR 4.7, 4.7a, 4.33, 4.34, 4.38, 4.84, 4.85, 4.86, 4.91, 4.55, 4.99

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. |
|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8816168 | 1008 | Page 5 of 8 |

| 5. Name of Master | 6. Last Foreign Port Before U.S. | 7. Port of Discharge | 8. Date of Departure from Port of Loading |
|---|---|---|---|
| | CASABLANCA | NEW BEDFORD, MA | |

| 9. Name of Master | | | |
|---|---|---|---|

| 10. Shipper (SID) Consignee (CID) Notify Address (NIP) | 11. B/L of Lading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages Description of Goods Hazardous Materials (Mat'l Prefix UN Code) | 14. Gross Wt. (lbs. or Kg.) | 15. Measurement (per ITO) | 16. First Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|
| | NN NN | GESU9398175 | 40' CNTRS | | | | |
| | NN NN | GESU9398570 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411028 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411060 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411434 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411646 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411692 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411732 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411769 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411785 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9411898 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9420009 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9421160 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | NN NN | GESU9421901 | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |

CBP Form 1302 (04/05)
Paperwork Approval OMB No. 1651-0001

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

Form Approved OMB No. 1651-0001

**U.S. DEPARTMENT OF HOMELAND SECURITY**
Bureau of Customs and Border Protection

**INWARD**

**CARGO DECLARATION**

19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.38,
4.55, 4.58, 4.61, 4.63, 4.69

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. | |
|---|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8516168 | 1008 | Page 6 of 8 | |

| 5. Name of Master | | 6. Last Foreign Port Before U.A. | 7. Port of Discharge | 8. Date of Departure from Port of Loading | 9. Time of Departure from Port of Loading (DLA) | | | |
|---|---|---|---|---|---|---|---|---|
| | | CASABLANCA, | NEW BEDFORD, MA | | | | | |

| | 10. Shipper (806) Consignee (CD) Notify Address (NP) | 11. Bill of Lading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages Description of Goods Hazardous Materials (Must Provide UN Code) | 14. Gross Wt. (lbs. or kg.) | 15. Measurement (see HTS) | 16. First Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|---|
| | | | GESU9421957 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9423485 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9426183 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9431857 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9437090 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9438986 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9444150 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9474005 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9474026 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9474880 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9475024 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9476950 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9476965 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |
| | | | GESU9477405 NM NN | 1 CNTRS 40' EMPTY REEFER CONTAINER | | | | |

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

CBP Form 1302 (07/03)

| 1. Name of Vessel<br>AVELONA STAR | | | 2. Nationality of Ship<br>BAHAMAS | 3. IMO No.<br>8816163 | 4. Voyage No.<br>1008 Page No. Page 7 of 8 | U.S. DEPARTMENT OF HOMELAND SECURITY<br>Bureau of Customs and Border Protection<br>**INWARD** |
|---|---|---|---|---|---|---|
| 5. Name of Master | | | 6. Last Foreign Port Before U.S.<br>CASABLANCA | 7. Port of Discharge<br>NEW BEDFORD, MA | 8. Date of Master's Note, Port of Loading | **CARGO DECLARATION** |
| | | | | | 9. Time of Departure from Port of Loading (Zulu) | 19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.38, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99 |
| 10.<br>Shipper (SH)<br>Consignee (CC)<br>Notify Address (NP) | 11.<br>Bill of Lading No. | 12.<br>Marks & Nos. (M/N)<br>Container Nos. (CN)<br>Seal Nos. (SN) | 13.<br>No. & Kind of Packages, Description of Goods, Hazardous Materials (Meat Proviso UN Code) | 14.<br>Answer Col. 14 OR Col. 15, Gross Wt. (lb. or kg.) | 15.<br>Measurement (per HTS) | 16.<br>First Port/Place Where Carrier Takes Possession of Cargo | 17.<br>Foreign Port Where Cargo is Laden, on Board |
|---|---|---|---|---|---|---|---|
| | | GESU9477957<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9491424<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9491580<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9491872<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9491954<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9402246<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9402400<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9525166<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU6926728<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU6527487<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9527722<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9527764<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESU9527804<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |
| | | GESY9437059<br>NM NN | 40' EMPTY REEFER CONTAINER<br>1 CNTRS | | | | |

18. CBP Form 1302 (07/03)

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

Form Approved OMB No. 1651-0001

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

**INWARD**
**CARGO DECLARATION**

19 CFR 4.7, 4.7a, 4.8, 4.33, 4.34, 4.84, 4.85, 4.86, 4.91, 4.93, 4.99

| 1. Name of Vessel | 2. Nationality of Ship | 3. IMO No. | 4. Voyage No. | Page No. |
|---|---|---|---|---|
| AVELONA STAR | BAHAMAS | 8816188 | 1008 | Page 8 of 8 |

| 5. Name of Master | 6. Last Foreign Port Before U.S. | 7. Port of Discharge | 8. Date of Departure from Port of Loading | 9. Time of Departure from Port of Loading (24Hr) |
|---|---|---|---|---|
| | CASABLANCA | NEW BEDFORD, MA | | |

| 10. Shipper (SH) Consignee (CO) Notify address (NP) | 11. B/L or Loading No. | 12. Marks & Nos. (MN) Container Nos. (CN) Seal Nos. (SN) | 13. No. & Kind of Packages Description of Goods Hazardous Materials (Must Provide UN Code) | 14. Answer Col. 14 OR Col. 15 Gross Wt. (lbs. or kg.) | 15. Measurement (per MT5) | 16. Rail Port/Place Where Carrier Takes Possession of Cargo | 17. Foreign Port Where Cargo is Laden on Board |
|---|---|---|---|---|---|---|---|
| | SXZU4974883 NN NN | | 40' EMPTY REEFER CONTAINER | | | | |
| | | | 1 CNTRS | | | | |

**TOTALS FOR PORT CONSTANTINOPLE**

| | |
|---|---|
| Total Container Qty For Current Port: | 96 |
| Total Cargo Qty For Current Port: | 96 |
| Total Cargo Weight For Current Port: | 428,352 |

PAPERWORK REDUCTION ACT NOTICE: This request is in accordance with the Paperwork Reduction Act. We ask for the information in order to carry out the Bureau of Customs and Border Protection laws of the United States. This form is used by vessel carriers to list all inward cargo on board and for the clearance of all cargo on board with commercial forms. It is mandatory. The estimated average burden associated with this collection of information is 10 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229 and to the Office of Management and Budget, Paperwork Reduction Project (1651-0001), Washington, DC 20503.

CBP Form 1302 (07/09)

# VERIFICATION

STATE OF MASSACHUSETTS )
                           : ss.:
COUNTY OF SUFFOLK      )

JOSEPH A. REGAN, being duly sworn, deposes and says:

That he is a member of the firm of Regan & Kiely, LLP, attorneys for plaintiff Star Reefers Pool Inc.

That he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief.

That the sources of deponent's information and the grounds for his belief as to all matters are documents and correspondence relating to the matter in suit in possession of said firm.

That the reason this verification is made by deponent and not by plaintiff Star Reefers Pool Inc. is that said plaintiff is a corporation or other business entity, none of whose officers or directors are presently within this District.

_____
Joseph A. Regan

Sworn to before me this
25th day of January 2011

_____
Notary Public

JOHN D. BLAISDELL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 7, 2016