UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10136-GAO

STAR REEFERS POOL, INC.,
Plaintiff,

v.

A Cargo of NINETY-SIX (96) REEFER CONTAINERS, their equipment, appurtenances, etc.,
*in rem*, and KALISTAD LIMITED, JFC GROUP CO. LTD., WHILM MANAGEMENT
LIMITED and BONANZA FRUIT CO. S.A. CORPBONANZA, *in personam,*
Defendants.

ORDER
June 15, 2011

O'TOOLE, D.J.

The Court previously granted ex parte orders under Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims to attach and arrest ninety-six reefer containers as security for claims brought by plaintiff Star Reefers Pool, Inc. The defendant Whilm Management Limited has moved to vacate the orders. No similar motion has been made by any of the other party defendants. Three pending motions for leave to file various papers (dkt. nos. 29, 34, and 36) are all GRANTED, and the relevant papers may be deemed filed. Whilm's motion to vacate (dkt. no. 13) is DENIED. A related motion for a hearing (dkt. no. 15) is MOOT, a hearing having been held.

It appears that Whilm had leased containers from GESeaCo Services Ltd and in turn relet at least some of those containers to Kalistad Ltd. It further appears that Kalistad used the containers to carry freight belonging to Bonanza Fruit Co., S.A. aboard the M/V Avelona Star, which Kalistad was operating under a time charter party it entered into with the vessel's owner, Star Reefers. Star Reefers has sufficiently shown that Kalistad is likely indebted to Star Reefers

under the charter party and that under the agreement has a lien on the ship's cargo, which includes the containers. The bill of lading gave Bonanza (shipper of the freight carried within the containers by the vessel) notice of the lien provision of the charter party. At the very least, the attachment and arrest are valid as to interests of either Kalistad or Bonanza. Neither of those parties seeks to vacate the orders.

Whilm's exact present interest in the attached and arrested containers is not clear. It may be that Star Reefers has no claim against Whilm and that Whilm therefore should not be a defendant. On the other hand, to the extent that Whilm claims some interest in at least some of the containers, it was appropriate for the plaintiff to include Whilm in this action. The plaintiff suggests that Kalistad, Bonanza, and Whilm are all related enterprises, but the details have yet to be spelled out. For the time being, it is premature to decide whether Whilm should be dismissed from the suit, which is an additional prayer of its present motion.

It is SO ORDERED.

                                                                             /s/ George A. O'Toole, Jr.
                                                                              United States District Judge